**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SALVATORE TAGLIAFERRO,<br><br>    Petitioner,<br><br>v.<br><br>RACHEL THOMPSON, WARDEN,<br><br>    Respondent. | Civil Action No. 24-5414 (KMW)<br><br>**OPINION** |

**WILLIAMS**, District Judge:

This matter comes before the Court on Petitioner Salvatore Tagliaferro's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (ECF No. 1), which seeks to challenge the BOP's residential re-entry or home confinement placement plan for Petitioner. Following an order to answer, the Government filed a response to the petition (ECF No. 6), to which Petitioner replied. (ECF Nos. 7-8.) For the reasons expressed below, Petitioner's habeas petition is dismissed without prejudice.

# I.    BACKGROUND

Petitioner is a convicted federal prisoner who, at the time he filed his habeas petition was serving a 60-month sentence at FCI Fort Dix arising out of fraud and conversion charges related to his activities as a union president. *See United States v. Tagliaferro*, No. 21-2223, 2023 WL 3772334, at *1 (2d Cir. June 2, 2023); (ECF No. 1). In his habeas petition, Petitioner sought to challenge the BOP's RRC placement plan for him as he believed he was entitled to immediate

transfer to either home confinement or a residential re-entry facility in April 2024, while the BOP instead expected a placement in October 2024 based on its determination of Petitioner's needs. (ECF No. 1 at 6-7.)

Based on Petitioner's accrued First Step Act credits, the BOP determined that Petitioner was entitled to be released onto supervised release on April 27, 2025. (ECF No. 6-1 at 1.) As of June, Petitioner had also earned 25 days of credit towards early transfer[1] to a residential facility or home confinement. (*Id.* at 3.) In April 2024, the BOP determined that Petitioner should receive 180 days of home confinement prior to his supervised release, and Petitioner was originally scheduled to be transferred on October 30, 2024, subject to any additional First Step Act credits Petitioner earned. (*Id.*). In light of his credits, Petitioner asserts that the BOP moved his transfer to home confinement up to September 24, 2024. (ECF No. 8 at 1.) Based on the BOP's publicly available records, it appears that this transfer did, in fact, take place, and Petitioner is now either on home confinement or in a residential re-entry facility operated by the New York residential re-entry management office. *See* BOP inmate locator information for Salvatore Tagliaferro, https://www.bop.gov/inmateloc/ (last visited Oct. 30, 2024).

Petitioner did not fully exhaust his claims prior to filing his habeas petition in this matter. Petitioner initially filed an administrative remedy in January 2024. (ECF No. 6-1 at 3.) That remedy was denied in late February, and Petitioner appealed it to the BOP Northeast Regional Office on March 11, 2024. (*Id.*) On May 10, 2024, after this matter was filed, the regional office denied that appeal. (*Id.*) At some later point, Petitioner filed a final appeal to the BOP's central office, which was denied in late July 2024, after both the Government's answer and Petitioner's initial reply was filed in this matter. (ECF No. 8-1 at 2.)

---

[1] As of August 22, 2024, when he submitted his reply, Petitioner contends that he has earned at least 70 days of credit. (*See* ECF No. 8.)

2

## II. LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

## III. DISCUSSION

In his habeas petition, Petitioner argues that the BOP misapplied applicable law and regulations in determining the length of his placement on home confinement or in a residential re-entry facility, and that he should have been moved sooner into such a facility. Petitioner, however, did not pursue his administrative remedies related to this contention through all of the levels of the BOP's remedy system prior to filing his habeas petition in this matter, and indeed completed that appeal process only in late July after this matter had been briefed. (*See* ECF No. 8-1.) This failure precludes this Court from addressing the merits of Petitioner's habeas petition. Habeas petitioners are generally required to exhaust all available administrative remedies *prior to filing suit in federal court*, and failure to comply with this requirement "generally bars review of a federal habeas corpus petition absent a showing of cause and prejudice." *See, e.g., Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760-61 (3d Cir. 1996). Although this requirement may be excused under certain circumstances, such as where exhaustion would be futile, *see Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998), absent a showing of such circumstances or cause and prejudice, the failure to exhaust will result in the dismissal of a habeas petition. *Moscato*, 98 F.3d at 761; *see also*

3

*Downs v. N'Diaye*, 2021 WL 5076412, at *2 (D.N.J. Nov. 2, 2021). A habeas petitioner cannot show futility through mere speculation. *See Lindsay v. Williamson*, 271 F. App'x 158, 159 (3d Cir. 2008). The BOP's exhaustion requirement is a multi-step process involving appeals not only within a given prison, but also to the regional and central offices of the BOP. *See, e.g., Brown v. Warden Canaan USP*, 763 F. App'x 296, 297 (3d Cir. 2019).

Here, Petitioner did not wait to complete his appeals process before filing suit, and instead pre-emptively filed this habeas matter while awaiting the regional office's determination. He did not complete his central office level appeal until late July, after this matter would have been otherwise fully briefed. As such, and as Petitioner's administrative appeal was not futile insomuch as the BOP's regional and central offices had the authority to grant Petitioner relief had he been so entitled, Petitioner failed to fully exhaust his grievances *prior* to filing his habeas petition and this Court cannot excuse that failure. Petitioner's habeas petition must therefore be dismissed without prejudice for lack of exhaustion.

Even had Petitioner exhausted his remedies prior to filing his habeas petition, however, this Court still would not be able to provide Petitioner relief on the merits of his claims as they have now become moot. Under Article III of the Constitution, federal courts will only have jurisdiction over a matter where there is a live case or controversy to be resolved. *See, e.g., Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings [and for jurisdiction to exist the] parties must continue to have a 'personal stake in the outcome of the lawsuit.'" *Id.* (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990)). Thus, once a prisoner is released from prison, a habeas challenge to some aspect of his prison confinement will become moot absent a redressable, continuing, and concrete injury which persists after his release. *Id.*; *see also Burkey v. Marberry*, 556 F.3d 142, 146-50 (3d Cir. 2009). Here, Petitioner sought in his habeas petition only one thing – an earlier

4

transfer to home confinement or a residential re-entry facility. Petitioner was originally scheduled for a transfer to home confinement or a residential facility in late October 2024, and by his own admission in his latest filings, that date was moved forward to September 2024. (*See* ECF No. 8.) The BOP's public records now indicate that this transfer did, in fact, occur, and Petitioner has now been moved to either home confinement or a residential facility under the auspices of the New York Residential Reentry Management Office. As Petitioner appears to now be serving the remainder of his sentence at a residential facility or in home confinement, this Court no longer has a meaningful opportunity to grant Petitioner the relief he sought – early transfer to such forms of confinement. Petitioner's habeas petition therefore also appears to be moot and must be dismissed as such.

### IV.   CONCLUSION

For the reasons expressed above, Petitioner's habeas petition (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE.** An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge

5